McRAE, Justice,
dissenting:
¶ 29. The majority is both misguided and unconvincing in its attempt to apply a federal six-year statute of limitations to a tort claim. This is nothing but a simple case where an insurance company is attempting to collect monies for a tort committed by the Durrs for burning the house. Ameri *222 can National Property and Casualty Company (“American National”), the insurer, had to pay the mortgage company (FHA) and then attempted to collect its money back from the Durrs that it had advanced. Perhaps the majority’s fatal flaw is in construing this as a contract case, instead of one sounding in tort. The rights asserted against the Durrs were in tort for the destruction (arson) of their home. Thus, the three-year Mississippi statute of limitation commenced to run on the day of the fire, March 23, 1991. The destruction took place on March 23, 1991, and this is the day that the cause of action accrued to American National against the Durrs. At the very least, it was known and accrued upon the Durrs’ entering guilty pleas to their participation in the arson of their house to collect the insurance from American National. Both the March 23, 1991, date of the fire and the February 7, 1992, pleas of guilty were more than three (3) years prior to the September 22, 1995, filing of the complaint. American National has in essence slept on its rights, waking to find its claim procedurally barred. See Miss.Code Ann. § 15-1-49(1)(1995). The complaint should have been dismissed with prejudice. Accordingly, I dissent.
¶ 30. Pursuant to Miss.Code Ann. § 15-1-49(1), all actions for which no other period of limitation is prescribed shall be commenced within three (3) years after the cause of action has accrued. The majority argues that this case is a contract action brought by the United States and the applicable statute is federal, making the limitation six (6) years.
¶ 31. However, a contractual obligation only arose later with the execution of a deed of trust by the Durrs to guarantee restitution payments with the court. The deed of trust was executed on a house which the Durrs still own. The terms of the note and the deed of trust were current, and the action on the part of American National was not an attempt to foreclose or accelerate collection of the restitution. While the majority may be correct that the six-year statute of limitation applies to collection of that deed of trust, that is not the subject of this action.
¶ 32. FHA was not asserting any contractual right against the Durrs. For one reason, it had none. The United States, performing the private function of mortgage lender through FHA, is bound by the Mississippi general statute of limitation and is unable to file a tort action against the Durrs after three years. Consequently, American National, the assignee-subro-gee, .could have no greater rights. Since the cause of action arose upon notice of the fire on March 23, 1991, and the suit was not filed until September 22, 1995, the applicable statute of limitation of three (3) years has run.
¶ 33. What is puzzling is the fact that the majority looks the other way in allowing a sophisticated party such as American National an additional three (3) years to bring an action for a claim of which it was aware from day one. This is not a case in which there was fraud which masked the truth for some years. Less than one (1) year after American National made an advance payment pursuant to the insurance contract on the home, the Durrs pled guilty to the arson of property they had insured by American National. Yet it still took American National another two (2) years to file a complaint. If American National was not already on notice of its rights after advancing $1,000.00 to the Durrs, it should have been when it received a proof of loss from FHA just some seven (7) months after the fire.
¶ 34. While this opinion should not be in any way misconstrued to condone the actions of the Durrs, it should be clear that *223 American National has slumbered on its rights. Instead of properly barring American National’s claim, the majority instead chooses to make new law. That law would allow insurers using federal funds to bypass our state statute of limitation and gain three (3) additional years in which to bring suit; effectively gaining more rights than those enjoyed by local insurers operating within this very state.
¶ 35. The underlying rationale for statutes of limitation is to encourage promptness in the bringing of actions and to ensure fairness to defendants. Grant v. State, 686 So.2d 1078, 1083 (Miss.1996)(citing United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)). American National was anything but prompt in the pursuit of its claim, and to allow it an additional three (3) years to bring suit would clearly be unfair to the Durrs. In this case, American National is bound by the general three-year statute of limitation, and in not filing suit until September 22, 1995, its complaint is time barred. Accordingly, I dissent.